**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **WAYNIS JOYCE HOLDER,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.:  2:11-CV-3593-RDP** |
| | } | |
| **METHODIST HOME FOR THE** | } | |
| **AGING d/b/a FAIR HAVEN** | } | |
| **RETIREMENT CENTER,** | } | |
| | } | |
| **Defendant.** | } | |

**MEMORANDUM OPINION**

The court has before it Defendant's Partial Motion to Dismiss (Doc. # 7), which has been

fully briefed (Docs. # 10, 11).  Having considered the briefs and evidentiary submissions, the court

finds that Defendant's Partial Motion to Dismiss (Doc. # 7) is due to be denied in part and granted

in part for the reasons set out below.

**I.      BACKGROUND**

Plaintiff filed her Complaint on October 11, 2011 (Doc. # 1) alleging claims against her

former employer for reprimanding her several times from January 30, 2010 to May 23, 2010, and

for terminating her on June 4, 2010.  (Doc. # 1 ¶¶ 9-14).  In her Complaint, Plaintiff asserts the

following claims: race discrimination under Title VII (Count I) and 42 U.S.C. § 1981 (Count II);

color discrimination under Title VII (Count III); disability discrimination under the Americans with

Disabilities Act of 1990 ("ADA") (Count IV)[1]; retaliation under Title VII (Count V); retaliatory

---

[1] Count IV of Plaintiff's Complaint provides that her disability claim falls under Title VII. However, in the first
paragraph of her Complaint, she asserts a disability claim under the ADA.  (Doc. # 1 ¶ 1).  Plaintiff's response suggests
she intended to file this claim under the ADA.  (Doc. # 10 at 6).  Additionally, Defendant treats Plaintiff's reference to
Title VII as a mistake and refers to her Count IV as a disability claim under the ADA.  (Doc. # 7 at 1, 4-5).  Accordingly,
the court construes Plaintiff's Count IV disability claim as a claim under the ADA.

discharge under § 25-5-11.1 of the Alabama Code (Count VI); and a claim for mental and emotional distress (Count VII).  Plaintiff avers that she exhausted all administrative remedies prior to filing suit.  (*Id*. ¶ 5).

On November 9, 2011, Defendant filed a Partial Motion to Dismiss (Doc. # 7).  Defendant seeks to dismiss Plaintiff's Counts I and III-VI – which include all of her Title VII claims, her ADA claim, and her retaliatory discharge claim – for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (*Id*. at 1).  Defendant has attached two documents to its motion: (1) Plaintiff's charge of discrimination, which alleges discrimination based on race, color, retaliation, and disability; and (2) Plaintiff's EEOC right to sue letter which indicates that Plaintiff's charge was not timely filed with the EEOC.[2]  (Docs. # 7-1, 7-2).  Plaintiff's charge of discrimination was stamped as received on December 6, 2010 by the EEOC.  (Doc. # 7-1).  Defendant argues that because December 6, 2010 was over 180 days from Plaintiff's termination on June 4, 2010, Plaintiff did not timely file her charge and thus cannot assert the claims alleged in her charge in this lawsuit. (Doc. # 7 at 4).  Further, Defendant argues that Plaintiff cannot establish a prima facie case of retaliatory discharge because, by alleging that many reasons contributed to her firing, she does not

---

[2]  Generally, on a motion to dismiss, if "matters outside the pleading are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."  FED. R. CIV. P. 12(d).  The Eleventh Circuit has articulated a qualification to this rule when certain documents and their contents are undisputed.  *Speaker v. U.S. Dep't of Health and Human Servs. Ctrs. for Disease Control and Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010).  "In ruling upon a motion to dismiss, the district court may consider an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged." *Id*. (citations omitted); *see also Harris v. Ivax Corp.*, 182 F.3d 799, 802 n.2 (11th Cir. 1999) (stating that "a document central to the complaint that the defense appends to its motion to dismiss is properly considered, provided that its contents are not in dispute").  Plaintiff has neither disputed nor challenged the authenticity of the EEOC charge or right to sue letter, and even references Defendant's exhibit containing her EEOC charge in her response.  (Doc. # 10 at 3-4).  Further, (1) because Plaintiff must establish that she has fulfilled the conditions precedent to asserting her Title VII claims in her Complaint, and (2) considering that Plaintiff referred to the EEOC charge and right to sue letter in her Complaint and relies on them for her Title VII and ADA claims, the court finds the charge and right to sue letter are central to Plaintiff's claims.  Accordingly, the court considers Plaintiff's EEOC charge and right to sue letter, which Defendant attached to its motion to dismiss.

allege that her termination occurred *solely* because of her worker's compensation claim as required by § 25-5-11.1.  (*Id.* at 5-6).

Plaintiff filed a response to Defendant's motion to dismiss (Doc. # 10).[3]  There, Plaintiff argues that the continuing violation doctrine governs the time period for filing her EEOC charge. Plaintiff further contends that it is impossible to determine when the limitations period began to run because there were many discriminatory acts in 2010, including at least three occurring after her termination on June 4, 2010.  (*Id.* at 4-5).  The events Plaintiff references as occurring after her termination include the following: on July 14, 2010, she was disqualified for unemployment compensation benefits; at an appeals hearing on August 10, 2010, she was awarded full benefits; and on November 4, 2010, the decision from the appeals hearing allowing her to receive unemployment benefits was upheld.  (*Id.*)  Plaintiff argues that these post-termination events should be considered adverse employment actions, rendering her EEOC charge timely.  (*Id.* at 6).  As to her claim under § 25-5-11.1, Plaintiff argues that to survive a motion to dismiss, she is only required to satisfy notice pleading requirements, which she has done.  (*Id.* at 7).

In its reply (Doc. # 11), Defendant reiterates that Plaintiff's charge was untimely filed.  (*Id.* at 2).  Additionally, Defendant contends that Plaintiff's argument concerning the appeals process of her unemployment benefits and the continuing violation doctrine is irrelevant because she did not mention her unemployment benefits claim in her Complaint or charge.[4]  (*Id.* at 3-4).  Therefore,

---

[3] Although Plaintiff states that Defendant filed its motion to dismiss under both Rule 12(b)(1) and 12(b)(6) (Doc. # 10 at 1), Defendant only moved to dismiss under Rule 12(b)(6).  As neither party has presented arguments in favor of or opposing a Rule 12(b)(1) dismissal, the court does not address the merits of a Rule 12(b)(1) defense.

[4] Defendant is correct in that Plaintiff's Complaint does not contain any reference to events occurring after her termination.  However, with respect to Plaintiff's EEOC charge, Defendant's assertion is off the mark; Plaintiff's charge discusses Plaintiff's denial of her unemployment benefits and her appeal of the decision, including references to the November 4, 2010 hearing before the Board of Appeals and its decision on November 12, 2010 finding that Plaintiff

Defendant argues, she cannot rest her Title VII and ADA claims on the events concerning her unemployment benefits. (*Id.*) With respect to Plaintiff's § 25-5-11.1 claim, Defendant maintains that Plaintiff has failed to allege plausible factual allegations showing she was terminated *solely* due to her workers' compensation claim. (*Id.* at 5).

## II.   STANDARD OF REVIEW

The Federal Rules of Civil Procedure require only that the complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Having said that, the complaint must include enough facts "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Twombly*, 550 U.S. at 555, 557. In deciding a Rule 12(b)(6) motion to dismiss, courts view the allegations in the complaint in the light most favorable to the non-moving party. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007). To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A plausible claim for

---

was entitled to benefits. (Doc. # 7-1 at 2).

relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim.  *Twombly*, 550 U.S. at 556.

The Supreme Court has recently identified "two working principles" for a district court to use in applying the facial plausibility standard.  First, in evaluating motions to dismiss, the court must assume the veracity of well-pleaded factual allegations; however, the court does not have to accept as true legal conclusions when they are "couched as [] factual allegation[s]."  *Iqbal*, 129 S. Ct. at 1950.  Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss."  *Id.*  The Court has also instructed that application of the facial plausibility standard involves two steps.  Under prong one, the court must determine the scope and nature of the factual allegations that are well-pleaded and assume their veracity; and under prong two, the court must proceed to determine the claim's plausibility given the well-pleaded facts.  That task is context specific and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct."  *Id.*  If the district court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claims are due to be dismissed.  *Id.*

## III.   DISCUSSION

### A.      Plaintiff's Title VII and ADA Claims

To bring suit under Title VII or the ADA, a plaintiff must first exhaust her administrative remedies.  *H&R Block E. Enters., Inc. v. Morris*, 606 F.3d 1285, 1295 (11th Cir. 2010) (citing *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001)); *see* 42 U.S.C. § 12117(a) (applying Title VII remedies and procedures to the ADA).  In doing so, a plaintiff in Alabama must file a formal charge of discrimination with the EEOC within 180 days after the date of the last

allegedly discriminatory act.  42 U.S.C. § 2000e-5(e)(1); *Ledbetter v. Goodyear Tire and Rubber Co., Inc.*, 421 F.3d 1169, 1178 (11th Cir. 2005) (noting that Alabama is a non-deferral state).  A charge is timely filed if *received* by the EEOC within 180 days from the date of the alleged violation. *See* 29 C.F.R. § 1601.13(a)(1) (Title VII); 29 C.F.R. § 1640.5 (ADA); *see also Slay v. Austal, U.S.A., L.L.C.*, 2011 WL 4354731, at *3 n.3 (S.D. Ala. Sept. 19, 2011) ("the receipt date indicated on the official stamp is the date that [an] EEOC Charge was filed" and not when the charge was signed).

"[D]iscrete discriminatory acts are not actionable if time barred . . . [and] [e]ach discrete discriminatory act starts a new clock for filing charges alleging that act." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002).  Termination of employment constitutes a discrete adverse employment act. *Id*. at 114.  The 180-day filing period starts to run on the final decision to terminate the employee, which occurs when the employee received unequivocal notice of her termination. *Wright v. AmSouth Bancorporation*, 320 F.3d 1198, 1201 (11th Cir. 2003).  "An employee's pursuit of an internal appeal, 'or some other method of collateral review of an employment decision, does not toll the running of the limitations period[].'" *Jordan v. City of Montgomery*, 283 F. App'x 766, 768 (11th Cir. 2008) (citing *Del. State College v. Ricks*, 449 U.S. 250, 261 (1980)).  Additionally, disciplinary actions, such as a reprimand or suspension, are considered discrete acts of discrimination. *See Moss v. Ala. Dept. of Corr.*, 2011 WL 3875712, at *9 (M.D. Ala. Sept. 2, 2011); *see also Crayton v. Ala. Dep't of Agric. & Indus.*, 589 F. Supp. 2d 1266, 1280 (M.D. Ala. 2008) ("discrete acts [such as . . . a proposed reprimand] of discriminatory conduct constitute independent claims subject to individual limitations periods and may not be used as grounds for extensions based on the continuing violations doctrine") (citing *Rojas v. Principi*, 326 F. Supp. 2d 267, 275-276 (D.P.R. 2004)); *Citta v. Borough of Seaside Park*, 2010 WL 3862561, at *12 (D.N.J. Sept. 27, 2010)

(finding that, under the Supreme Court's opinion in *National Railroad Passenger Corporation v. Morgan*, 536 U.S. 101, 113 (2002), an employer's reprimand constitutes a discrete act).

The "continuing violation doctrine" does not apply to claims alleging discrimination based on a discrete act. *Nat'l R.R. Passenger Corp.*, 536 U.S. at 114. In fact, the Supreme Court "essentially rejected the 'continuing violation doctrine'" with respect to hostile work environment cases "and simplified the law by allowing courts to view allegations of hostile work environment as a 'single unlawful employment practice.'" *Shields v. Fort James Corp.*, 305 F.3d 1280, 1282 (11th Cir. 2002) (citing *Nat'l R.R. Passenger Corp.*, 536 U.S. at 117-118).

In Plaintiff's charge, Plaintiff listed June 4, 2010, the date on which she was terminated, as the latest date that the alleged discrimination occurred. (Doc. # 7-1 at 1). Her termination of employment was a discrete discriminatory act that commenced the time period for filing a charge with the EEOC based on her termination, giving her 180 days from her termination to file a charge. *See Nat'l R.R. Passenger Corp.*, 536 U.S. at 113; *Wright*, 320 F.3d at 1201; § 2000e-5(e)(1). Additionally, the incidents where Plaintiff was reprimanded by Defendant, which occurred from January 30 to May 23, 2010, are themselves discrete acts. *See Moss*, 2011 WL 3875712 at *9. Accordingly, Plaintiff had until December 1, 2010 to file a charge with the EEOC alleging claims based on her termination, and 180 days after each reprimand to file a charge alleging a claim based on the reprimand. Plaintiff's EEOC charge of discrimination was stamped as received on December 6, 2010 and was thus filed on that date. (Doc. # 7-1). The earliest discrete, discriminatory act that could have been timely filed in a December 6, 2010 charge must have occurred on or after June 7, 2010. Therefore, the face of her own Complaint and the underlying EEOC charge makes clear that

Plaintiff's claims based on the reprimands and her termination, acts that occurred prior to and on June 4, 2010, are time-barred due to the 180-day limitations period.

Plaintiff argues that the continuing violation doctrine makes it impossible to determine when the limitations period began to run because of the appeal concerning her unemployment benefits, which dragged on for several months after her termination. (Doc. # 10 at 4).[5]  Contrary to Plaintiff's argument, however, the hearings and appeals process after Plaintiff's termination did not toll the 180-day limitations period.  First, the limitations period following Plaintiff's termination and reprimands – discrete discriminatory acts – is not flexible.  *See Nat'l R.R. Passenger Corp.*, 536 U.S. at 113.  The continuing violation doctrine does not affect the deadline for filing a charge based on her termination or the reprimands.  *See id.*  Additionally, collateral review of an employment decision does not toll the limitations period, and following that same straightforward logic, a review of Plaintiff's benefits would similarly not toll the limitations period for her termination or the reprimands.  *See Jordan*, 283 F. App'x at 768.  Finally, to the extent Plaintiff references the continuing violation doctrine as an attempt to argue a hostile work environment claim, in spite of the Court's ruling in *National Railroad Passenger Corporation v. Morgan*, Plaintiff has not asserted

---

[5] To support the argument that her EEOC charge was timely filed under the continuing violation doctrine, Plaintiff cites to a non-binding First Circuit opinion, *Jensen v. Frank*, 912 F.2d 517, 522 (1st Cir. 1990), and quotes the Supreme Court's recitation of the Ninth Circuit's holding that the Court reversed in that same opinion, *Nat'l R.R. Passenger Corp.*, 536 at 108.  (Doc. # 10 at 3-4).  Indeed, these cases do not support Plaintiff's argument.  In *Jensen*, the court stated that the continuing violation doctrine applies where "a number of discrete discriminatory acts emanat[e] from the same discriminatory animus, each act constituting a separate wrong actionable under Title VII," and determined that termination of employment was a "single, distinct act, unrepetitive in nature" and not a continuing violation.  912 F.2d at 522.  Moreover, in *National Railroad Passenger Corporation*, the Supreme Court clarified that the continuing violation doctrine does not apply to claims alleging discrimination based on a discrete act, such as the termination of employment.  536 U.S. at 113-114.  Both *National Railroad Passenger Corporation* and *Jensen* lead this court to conclude that Plaintiff's claims based on her termination and the reprimands, both of which are discrete, discriminatory acts, do not invoke the continuing violation doctrine.

a hostile work environment claim in this matter.[6]  *See Nat'l R.R. Passenger Corp.*, 536 U.S. at 114; (Doc. # 1).

As already noted, part of Plaintiff's continuing violation doctrine argument includes references to the appeals process she endured after she was denied unemployment benefits by Defendant.  (Doc. # 10 at 4).  For the reasons previously discussed, these events do not affect the limitations period for filing a charge alleging claims based on the reprimands or her termination.  As Defendant correctly points out, Plaintiff's first reference to the appeals process is in her response.  (*Id*. at 4-5).  Her Complaint does not contain any reference to her appeal nor does it refer to any dates or events after her termination on June 4, 2010.[7]  (Doc. # 1).  The court finds that Plaintiff has not properly alleged a claim based on acts occurring after June 4, 2010.  *See Alford v. Consol. Gov't of Columbus, Ga.*, 2011 WL 3584528, at *2 (11th Cir. Aug. 23, 2011) (finding "district court did not err in limiting its consideration of the [] claim to the specific grounds raised in [plaintiff's] Complaint"); *Spillers v. Crawford Cnty., Ga.*, 2011 WL 5910738, at *7 n.8 (M.D. Ga. Nov. 28, 2011) (courts may disregard claims asserted for the first time in response to a motion to a dismiss, especially when the party is represented by an attorney).  Accordingly, the court does not construe Plaintiff's Complaint as alleging claims based on acts occurring after June 4, 2010.  Plaintiff's claims alleging violations of Title VII and the ADA are therefore due to be dismissed.

---

[6] Although Plaintiff stated in her EEOC charge that Defendant "created a hostile environment" for Plaintiff (Doc. # 7-1), Plaintiff does not assert a hostile work environment claim in her Complaint (Doc. # 1).  In fact, none of Plaintiff's documents filed with the court mentions a hostile work environment.  (Docs. # 1, 10).  Moreover, the court only knows that Plaintiff may have attempted to assert a hostile work environment claim because *Defendant* submitted Plaintiff's EEOC charge, which briefly references in passing a "hostile environment."  (Doc. # 7-1).  Accordingly, the court finds Plaintiff has not properly presented a hostile work environment claim to the court.

[7] Although Plaintiff's EEOC charge contains a brief discussion of her appeal of the denial of her unemployment compensation benefits (Doc. # 7-1 at 2), Plaintiff has not alleged a claim based on these events in her Complaint.

**B.**      **Plaintiff's Retaliatory Discharge Claim under § 25-5-11.1 of the Alabama Code**

Section 25-5-11.1 of the Alabama Code provides: "No employee shall be terminated by an employer solely because the employee has instituted or maintained any action against the employer to recover workers' compensation benefits . . . ." ALA. CODE § 25-5-11.1.  To establish a prima facie case of retaliatory discharge under § 25-5-11.1, an employee must show: "1) an employment relationship, 2) an on-the-job injury, 3) knowledge on the part of the employer of the on-the-job injury, and 4) subsequent termination of employment based *solely* upon the employee's on-the-job injury and the filing of a workers' compensation claim." *Ala. Power Co. v. Aldridge*, 854 So.2d 554, 563 (Ala. 2002) (emphasis added).  Once the employee makes this showing, the burden shifts to the defendant "who must provide substantial evidence indicating a legitimate reason" for the termination.  *Ford v. Carylon Corp., Inc.*, 937 So. 2d 491, 499 (Ala. 2006) (citing *Ala. Power Co.*, 854 So.2d at 567).  Then, the burden shifts back to the employee who must submit substantial evidence to rebut the defendant's reasons and show that they are pretext.  *Id*.

Rule 8 of the Federal Rules of Civil Procedure allows plaintiffs to plead in the alternative and to plead inconsistent claims.  FED. R. CIV. P. 8(d)(2-3); *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1273 (11th Cir. 2009).  Under Rule 8(d)(2), a plaintiff "may set out 2 or more statements of a claim or defense alternatively," and under Rule 8(d)(3), a "party may state as many separate claims or defenses as it has, regardless of consistency."  FED. R. CIV. P. 8(d)(2-3).  A complaint is not subject to dismissal simply because it would be impossible for several of the allegations to simultaneously be true.  *United Techs. Corp.*, 556 F.3d at 1273 (finding a complaint alleging that two people individually committed tortious conduct was permitted under the Federal Rules).

Here, Defendant presents only one argument for dismissing Plaintiff's claim under § 25-5-11.1: By pleading alternative theories Plaintiff cannot assert that her workers' compensation claim was the *sole* cause of her termination, as required in the fourth element of the claim, because she alleges several other reasons – *i.e.*, her race, color, and disability – that contributed to her termination.  Essentially, Defendant contends that by asserting a claim for retaliatory discharge under § 25-5-11.1, Plaintiff is foreclosed from asserting any alternative theories for her termination.

Defendant's argument is right on the issue of what proof Plaintiff will need to establish her claim.   But the argument misses the mark at this point because of the posture of this case.  Defendant's motion attacks Plaintiff's pleadings.  Plaintiff can plead alternative theories of recovery.  Indeed, Rule 8(d) permits Plaintiff to plead claims alternatively even if they are inconsistent.  *See* FED. R. CIV. P. 8(d)(2-3).  Pursuant to Rule 8(d)(3), Plaintiff can assert a retaliatory discharge claim under § 25-5-11.1, which requires that a workers' compensation claim be the *sole* cause of her termination, along with other claims alleging she was terminated for different reasons.  *See id.; United Techs. Corp.*, 556 F.3d at 1273-1274.  Accordingly, Plaintiff's claim under § 25-5-11.1 is not subject to dismissal on the pleadings.

## IV.   CONCLUSION

For the reasons discussed above, the court concludes that Defendant's Partial Motion to Dismiss (Doc. # 7) is due to be granted in part and denied in part.  With respect to Plaintiff's Title VII and ADA claims in Counts I and III-V, those claims are due to be dismissed.  With respect to Plaintiff's § 25-5-11.1 claim in Count VI, Defendant's motion is due to be denied.  Accordingly, Plaintiff's remaining claims are as follows: a race discrimination claim under 42 U.S.C. § 1981

(Count II); a § 25-5-11.1 claim (Count VI); and a claim for mental and emotional distress (Count VII).  An order consistent with this Memorandum Opinion will be entered separately.

**DONE** and **ORDERED** this ____1st____ day of March, 2012.

_____

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE